UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN D. YOUNG,

        Plaintiff,

v.                                            Case No. 3:19-cv-749-MMH-MCR

MARK S. INCH and JULIE JONES,

        Defendants.
_____

**ORDER OF DISMISSAL**

    Plaintiff Steven D. Young initiated this action in the Northern District of Florida by filing a pro se Civil Rights Complaint (Doc. 1). The Honorable Robert L. Hinkle, United States District Judge, transferred the action to this Court (Doc. 17). On July 1, 2019, the Court granted Young's Motion for Appointment of Counsel (Doc. 20), and ultimately appointed three attorneys (Buddy Schulz, Derek Mountford, and Robert Gore) from the law firm Holland & Knight LLP to represent Young (Doc. 23). Young then filed the operative Second Amended Complaint (Doc. 30). Young alleges that Defendants are violating his Eighth Amendment right to be free from cruel and unusual punishment because they refuse to provide him with direct-acting antivirals (DAAs), a lifesaving treatment for his chronic Hepatitis C virus. Id. at 9-12. Young sues Defendants each in their supervisory role as Secretary of the

Florida Department of Corrections, and alleges Defendants' employees and agents have never provided Young with DAAs, nor have they provided him with "over the counter vitamins or supplements, or other dietary considerations to address [his] abdominal pain and swelling." Id. at 9. As relief, Young seeks declaratory and injunctive relief, as well as monetary damages. Id. at 12.

On February 12, 2021, the Court denied Defendants' motions to dismiss (Doc. 52). On July 9, 2021, during discovery, counsel for Young (Frederick D. Page)[1] moved to withdraw, requesting that the Court discharge him and the law firm of Holland & Knight as counsel of record for Young (Doc. 64). In support of that request, Mr. Page described an incident that occurred during Young's deposition, in which Young accused the law firm of taking actions adverse to Young's wishes and conveying a breakdown in the attorney-client relationship. Id. Considering Mr. Page's representations and because Young had been notified of the withdrawal and filed no objection to the request, the Court granted counsel's request on August 6, 2021. See Order (Doc. 65). In its Order, the Court noted that Young would be proceeding pro se. Id. at 2. Thereafter, the Court granted Defendants' request to extend the discovery

---

[1] The initial three appointed attorneys left the firm of Holland & Knight, and thus Mr. Page had appeared as counsel of record for Young. See Doc. 55.

deadline because Young refused to meaningfully participate in the discovery process and answer deposition questions. See Doc. 68.

In an Order dated October 1, 2021, the Court directed the parties to file responses to any summary judgment motions by February 14, 2022. See Order (Doc. 68). Defendants filed a Motion for Final Summary Judgment on January 13, 2022 (Doc. 70; Motion). The Clerk sent Young a Summary Judgment Notice (Doc. 71) on January 14, 2022, advising Young of his obligation to respond to the Motion as well as the potential consequences for failing to do so. Young failed to file a response or request more time to do so. Thus, on March 1, 2022, the Court directed Young to show cause, by March 30, 2022, why this case should not be dismissed for his failure to comply with the Court's Order (Doc. 68) or otherwise prosecute the case. See Order to Show Cause (Doc. 72). The Court advised Young that his failure to timely comply may result in the dismissal of this case without further notice. See id. (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida).

When Young again failed to comply with the Court's Order, on April 18, 2022, the Court entered a Final Order to Show Cause (Doc. 73) directing Young to (1) show cause why the case should not be dismissed for failure to prosecute and (2) file a response to the Motion by May 18, 2022. See Final Order to Show Cause (Doc. 73). The Court advised Young that he should consider the statute of limitations and noted that if the statute of limitations on his claims has

expired, any dismissal, even a dismissal without prejudice for failure to prosecute, would likely bar any future litigation of these claims. See id. The Court also advised Young that his failure to comply would result in the dismissal of this case without further notice. See id.

A district court has inherent authority to manage its docket. See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted). If a plaintiff fails to prosecute an action or comply with a court order, the court may sua sponte dismiss the case. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). However, where a dismissal of the case "has the effect of precluding [plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he dismissal [is] thus tantamount to a dismissal with prejudice." Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (quoting Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981)); Stephenson v. Warden, Doe, 554 F. App'x 835 (11th Cir. 2014).[2]

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

The limitations period for claims brought under 42 U.S.C. § 1983 is the forum state's personal injury statute of limitations, which is four years in Florida. See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Here, Young asserts that Defendants began denying him HCV treatment in "mid-2016," and therefore, the applicable four-year statute of limitations may have run, absent application of a continuing violation theory or other theory warranting tolling. If Young's statute of limitations has run, a dismissal of this action would, in effect, be a dismissal with prejudice.

The Eleventh Circuit has instructed that a dismissal with prejudice is "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." Burden, 644 F.2d at 505 (quoting Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir.1970)); Zocaras v. Castro, 465 F.3d 479, 485 (11th Cir. 2006) (citation omitted) ("Dismissal with prejudice is . . . an extreme sanction . . . but it is justified in extreme circumstances. This is another way of saying that the sanction imposed should fit the interests jeopardized and the harm caused by the violation."); Levy v. NCL (Bahamas), Ltd., 686 F. App'x 667, 670 (11th Cir. 2017) (citing Justice, 6 F.3d at 1482 n.15). Thus, a dismissal with prejudice is improper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd., 432

F.3d at 1339 (citations omitted). Moreover, a district court's "findings satisfying both prongs of [the] standard are essential before dismissal with prejudice is appropriate," and the court must make these findings because "the sanction of dismissal with prejudice is so unsparing[.]" Id. (emphasis deleted; citations omitted). The Eleventh Circuit has also instructed:

> A district court's consideration of lesser sanctions "need not be explicit." Gratton v. Great Am. Communications[], 178 F.3d 1373, 1374 (11th Cir. 1999). Nevertheless, while this court has "occasionally inferred such a finding, as where lesser sanctions would have 'greatly prejudiced' defendants, it has 'never suggested that the district court need not make that finding. . . .'" Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)[] ("Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'"). Kilgo, 983 F.2d at 192-3 (citations omitted).

Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 118 (11th Cir. 2007) (per curiam); Stephenson, 554 F. App'x at 837 (recognizing previous case law holding "that cutting off a plaintiff's potentially meritorious action is an unduly harsh sanction for failing to prosecute his claim or comply with a court order, absent willful or contumacious conduct") (citation omitted).

In prosecuting this action, Young was required to comply with this Court's Orders. As of the date of this Order, he has neither complied with the

6

Court's Orders (Docs. 68, 72, 73), nor requested more time to do so.[3] Indeed, the designated time to respond to the Court's first Order to Show Cause (Doc. 72) passed almost two months ago and the time for him to respond to the Final Order to Show Cause (Doc. 73) expired on May 18, 2022. Young has not responded to either Order and has failed to respond to the summary judgment Motion despite the cautioning in the Court's Summary Judgment Notice (Doc. 71). Further, after the Court discharged counsel and deemed Young to be proceeding pro se on August 6, 2021, Young has not filed a single document with the Court. And Defendants were forced to request an extension of the discovery deadline because Young refused to respond to deposition questions and meaningfully participate in the discovery process. See Doc. 68.

On this record, the Court finds that there is a pattern of delay as evidenced by Young's failure to comply with the Court's Orders and his unreasonable prolonging of the proceedings. Moreover, faced with an Order directing him to show cause why this action should not be dismissed, and advising him that due to the statute of limitations any dismissal may be tantamount to a dismissal with prejudice barring future litigation, Young opted not to respond in any way. Given that the potential of dismissal with prejudice was insufficient to prompt Young to respond to the Court's Orders

---

[3] The Court's internal docket shows that all Orders have been mailed to Young and none have been returned as undeliverable.

and timely comply with his obligations, the Court discerns no lesser sanction that would correct his recalcitrance. Also, continued delay of this case would prejudice Defendants, as they are entitled to a speedy and just resolution of the case. Thus, any lesser sanction would be inadequate, and the Court concludes that dismissal of this case for failure to prosecute is appropriate at this time.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED, without prejudice,** for Young's failure to comply with the Court's Orders and lack of prosecution.[4]

2. The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2022.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
c:  Steven D. Young, #861067
    Counsel of Record

---

[4] Whether this dismissal actually results in a dismissal with prejudice depends on whether the statute of limitations has expired. That question is not before this Court, but must be answered in a subsequent proceeding if Young refiles this claim.